IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CJ GRISHAM** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | C.A. #:   2:25-CV-00302 |
| | § | |
| **CITY OF ARANSAS PASS,** | § | |
| **MAYOR RAM GOMEZ,** | § | |
| In his Personal and Official Capacity, | § | |
| **CHIEF ERIC BLANCHARD,** | § | JURY TRIAL |
| In his Personal Capacity | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ORIGINAL ANSWER BY CITY OF ARANSAS PASS, FORMER MAYOR RAM GOMEZ AND FORMER POLICE CHIEF ERIC BLANCHARD IN THEIR PERSONAL AND INDIVIDUAL CAPACITIES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE DAVID S. MORALES:

NOW COME Defendants, **CITY OF ARANSAS PASS,** a Home Rule City Municipal Corporation and Political Subdivision of the State of Texas**,** Former **MAYOR RAM GOMEZ** and Former Police Chief**, ERIC BLANCHARD** in their personal and official capacities, and file this their Original Answer to Plaintiff's Corrected Amended Complaint herein and would show the Court the following by responding to the individual paragraphs:

**RESPONSES TO INDIVIDUAL PARAGRAPHS**

1. It is admitted that Plaintiff spoke before the City Council in Aransas Pass on January 16, 2024. It is correct that pursuant to the Rules of Decorum prepared by the City Attorney, Mayor Gomez ordered the Police Chief to ask Mr. Grisham to leave the podium.  Mr.

>Grisham was not arrested and was allowed to return to the Council Chamber if he wished. The remainder of the paragraph not expressly admitted is denied.

2. Paragraph two is denied.

3. Paragraph three is denied.

4. Paragraph four is denied.

5. Paragraph five is denied. The Defendant, City of Aransas Pass, is entitled to protect the integrity of its public meetings.

6. Paragraph six is admitted in part and denied in part. Defendants admit that such speech can be protected but deny that those protections are without limits.

7. Defendants do not have information on which to admit or deny the allegations contained in paragraph seven.

8. Paragraph eight is admitted.

9. Paragraph nine is denied.

10. Paragraph ten is admitted in part and denied in part. Defendants admit that the claims are made pursuant to the Constitution, but deny any statement or implication that there was any constitutional violations giving rise to these claims.

11. Paragraph eleven admitted.

12. It is denied that the facts in this case authorize the relief requested.

13. It is denied that the fact in this case authorize the relief requested.

14. Paragraph fourteen is admitted.

15. Defendants lack the information and knowledge necessary to respond to this allegation.

16. Defendants do not have information on which to admit or deny the allegation contained in

paragraph sixteen. Defendants would note that Plaintiff is acting as his own attorney in this case and does not have a "client" other than himself in this suit.

17. Paragraph seventeen is admitted.

18. It is admitted that individual Defendants, at one time, operated in their official capacities in Aransas Pass, Texas. Any portion of the paragraph not expressly admitted is denied.

19. Paragraph nineteen does not require admission or denial.

20. Paragraph twenty does not require admission or denial.

21. Paragraph twenty-one is admitted.

22. Admitted if they violate the United States Constitution. Defendants deny any statement or implication that any rules were established which violate the constitution.

23. Defendants admit paragraph twenty-three in part and deny it in part. Defendants admit that the constitution protects free speech, but denies that the protections offered by the constitution are without limit. Any portion of the paragraph not expressly admitted are denied.

24. Paragraph twenty-four is admitted in part and denied in part. Defendants admit that a policy known as the Rules of Decorum were in place at the time of this incident. Defendants deny that these rules violated the constitution in any way or punish protected speech. Any portion of the paragraph not expressly admitted is denied.

25. Defendant denies Plaintiff has standing to make this claim, and in fact, the City had an independent law firm investigate those issues and did not find any improprieties and expenditures by Defendant Blanchard. Paragraph twenty-five is denied. Defendants further note that this allegation, concerning a meeting wherein Plaintiff was not even in attendance

is irrelevant and should be stricken.

26. Paragraph twenty-six is admitted. Defendants further note that this allegation, concerning a meeting wherein Plaintiff was not even in attendance is irrelevant and should be stricken.

27. Paragraph twenty-seven is denied. Mr. Kelley is not a Defendant, this comment is irrelevant, and it should be stricken.

28. Paragraph twenty-eight is admitted in part and denied in part. Defendants admit that the paragraph, at least partially, quotes Defendant Gomez. Defendants deny that this is the entire quotation or that it fully states what happened at this meeting. Defendants further note that this allegation, concerning a meeting wherein Plaintiff was not even in attendance is irrelevant and should be stricken.

29. Paragraph twenty-nine is admitted. Defendants further note that this allegation, concerning a meeting wherein Plaintiff was not even in attendance, and an interaction with a third-party, is irrelevant and should be stricken.

30. Paragraph thirty is admitted in part and denied in part. Defendants admit that the quotation is substantially correct. All other aspects of the paragraph not expressly admitted are denied. Defendants further note that this allegation, concerning a meeting wherein Plaintiff was not even in attendance, and an interaction with a third-party, is irrelevant and should be stricken.

31. Paragraph thirty-one is admitted. Defendants further note that this allegation, concerning a meeting wherein Plaintiff was not even in attendance, and an interaction with a third-party, is irrelevant and should be stricken.

32. Tamara Cochran-May is not a Defendant in this case and is not represented by this counsel.

These Defendants do not have information on which to admit or deny the allegations concerning the reasons for Mr. Grisham being hired by the third-party.

33. Paragraph thirty-three is admitted.

34. Paragraph thirty-four is admitted.

35. Paragraph thirty-five is denied.

36. Paragraph thirty-six is admitted in part. Defendants admit that Plaintiff spoke after Mr. Followell. Defendants lack the requisite knowledge to admit or deny the remainder of the paragraph.

37. Paragraph thirty-seven is admitted.

38. It is admitted that Mr. Grisham addressed the Council quoting profanity from cases. It is denied that those cases were applicable to City Council meetings. Defendants lack the requisite knowledge to admit or deny the remainder of the paragraph.

39. It is admitted that Mr. Grisham gave several examples of profanity that he said were protected, but he did not address matters of public interest. The remainder of the paragraph is not expressly admitted is denied.

40. Paragraph forty is admitted.

41. It is admitted Mr. Grisham made such statements. It is denied that these statements constituted the totality of his statements or actions during the meeting which led to his removal.

42. Paragraph forty-two is denied.

43. Paragraph forty-three is admitted.

44. Paragraph forty-four is admitted.

45. Paragraph forty-five is denied.

46. Paragraph forty-six is admitted.

47. Paragraph forty-seven is admitted.

48. Paragraph forty-eight is denied.

49. It is admitted Mr. Grisham left the council chamber. The remainder of the paragraph not expressly admitted is denied.

50. Defendants admit that Plaintiff continued to fight with Defendant Blanchard while being escorted out of the meeting by calling him a "cock mother-fucker," among other profane insults. Even after being escorted out, Plaintiff continued to shout, argue, and fight with Defendant Blanchard.

51. Paragraph Fifty-one is a statement of law and a case quotation requiring no response.

52. Paragraph fifty-two is denied.

53. Paragraph Fifty-Three is denied.

54. These Defendants do not have information on which to admit or deny Mr. Grisham's desire. The remainder of paragraph fifty-four is denied.

55. These Defendants do not have information on which to admit or deny Mr. Grisham's desire.

56. Paragraph fifty-six is denied.

57. It is admitted the State Bar of Texas complaint was dismissed. The remainder of the paragraph not expressly admitted is denied.

58. Paragraph fifty-eight is admitted.

59. It is admitted that the Complaint was delivered to the Defendants on March 4, 2024. Service

of this other lawsuit was not properly completed at that time.

60. It is admitted that Mr. Blanchard utilized his First Amendment rights and reported to the proper authority what he believed to be a violation of the law.

61. Paragraph sixty-one is admitted.

62. Paragraph sixty-two is denied.

63. Paragraph sixty-three is denied.

64. Paragraph sixty-four is admitted.

65. These Defendants do not have information on which to admit or deny the allegations contained in paragraph sixty-five.

66. These Defendants do not have information on which to admit or deny the allegations contained in paragraph sixty-six.

67. These Defendants do not have information on which to admit or deny the allegations contained in paragraph sixty-seven.

68. These Defendants do not have information on which to admit or deny the allegations contained in paragraph sixty-eight.

69. These Defendants do not have information on which to admit or deny the allegations contained in paragraph sixty-nine.

70. These Defendants admit the allegations contained in paragraph seventy.

71. These Defendants do not have information on which to admit or deny the allegations contained in paragraph seventy-one.

72. These Defendants do not have information on which to admit or deny the allegations contained in paragraph seventy-two. Although, the allegation that there was a jury decision

of "not guilty" conflicts with the allegations in paragraph seventy-one.

73. These Defendants do not have information on which to admit or deny the allegations contained in paragraph seventy-three. Although, it conflicts with the allegations contained in paragraph fifty-seven.

74. These Defendants do not have information on which to admit or deny the allegations contained in paragraph seventy-four.

75. Paragraph seventy-five is denied.

76. Paragraph seventy-six is denied.

77. Paragraph seventy-seven is admitted in part and denied in part. Defendants admit that the two individuals identified work within the same city limits for different employers. The remainder of the paragraph is denied.

78. These Defendants do not have information on which to admit or deny the allegation contained in paragraph seventy-eight, but they would assert that Mr. Grisham and Mr. Followell asserted all their grievances on social media throughout San Patricio County, seemingly without fear of any retaliation. They also have pursued two lawsuits now, again seemingly without fear of retaliation.

79. The Defendants make the same responses to the referenced paragraphs that were made above.

80. Paragraph eighty is denied.

81. Paragraph eighty-one is denied.

82. Paragraph eighty-two is admitted in part and denied in part. It is admitted that profanity can be protected speech, but it is denied that those protections are unlimited.

83. Paragraph eighty-three is denied.

84. Paragraph eighty-four is denied.

85. Paragraph eighty-five is denied.

86. These Defendants make the same responses to the referred to paragraphs as were made above.

87. Paragraph eighty-seven is denied.

88. Paragraph eighty-eight is denied.

89. Paragraph eighty-nine is denied.

90. Paragraph ninety is denied.

91. Paragraph ninety-one is denied.

92. Paragraph ninety-two is denied.

93. Paragraph ninety-three is denied.

94. The Defendants make the same responses to the referred to paragraphs as were made above.

95. Paragraph ninety-five is denied. One Defendant, utilizing his First Amendment rights, reported the facts to a proper official.

96. Paragraph ninety-six is denied.

97. Paragraph ninety-seven is denied.

98. Paragraph ninety-eight is denied.

99. Paragraph ninety-nine is denied.  Mr. Grisham, in this case, does not have standing to assert this claim for Mr. Followell.

100. Paragraph ninety-nine is denied.  Mr. Grisham, in this case, have standing to assert this claim for Mr. Followell in this lawsuit.

101. Paragraph one hundred and one is denied.

102. Paragraph one hundred and two is denied.

103. Paragraph one hundred and three is denied.  Defendant City acted to protect the sanctity of its meetings and allow the public to participate.

104. Paragraph one hundred and four is denied.

105. Paragraph one hundred and five is denied.

106. Paragraph one hundred and six is denied.

107. All relief prayed for by Plaintiff is denied.

Defendants further deny all unnumbered paragraphs contained under the heading "Prayer for Relief."

## DEFENSES

108. Defendant City of Aransas Pass is a governmental subdivision of the State of Texas and is entitled to governmental immunity from the claims of Plaintiff herein.

109. Mayor Ram Gomez was a duly elected Mayor of the City of Aransas Pass and at all times was acting in the belief that his actions were legal and appropriate and based on the rules of decorum prepared by the City Attorney and is entitled to qualified and official immunity from the claims of Plaintiff.

110. Defendant Eric Blanchard, at all times relevant herein, was a duly certified peace officer of the State of Texas acting in accordance with his duties and instructions from his superiors in enforcing City Ordinances and lawful orders of City Officials and is entitled to qualified and official immunity to all the claims herein.

111. To the extent Plaintiff is attempting to assert a state tort claim for malicious prosecution or

retaliation, Defendants Gomez and Blanchard plead and assert all the defenses of Chapter 27 of the Texas Civil Practice and Remedies Code. They reserve the right to further brief these issues in a Motion to Dismiss.

112. Defendants Blanchard is entitled to the protection of his own free speech rights. The malicious prosecution claim against him arises out of his reporting of a crime to the proper authorities. This is a clear exercise of his own right to free speech, and he asserts all of the protections and relief afforded to him by the Texas Citizen's Participation Act. He reserves the right to fully brief this issue in a motion to dismiss authorized by the Act.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this cause be dismissed, that Defendants be allowed to recover their costs and such other and further relief to which they may be justly entitled.

            Respectfully submitted

            By: */s/ James McKibben*
              James McKibben
              *Attorney-in-Charge*
              State Bar No. 13713000
              Federal ID No. 914
              jmckibben@mcv-law.com
              Marshall Gardner
              Of Counsel
              State Bar No. 24123828
              Federal I.D. No. 3755601
              mgardner@mmjw-law.com
              McKIBBEN, MARTINEZ, & WOOD, L.L.P.
              555 N. Carancahua, Ste. 1100
              Corpus Christi, Texas 78401-0841
              Telephone: 361.882.6611
              Facsimile: 361.883.8353

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded, *Via Electronic Filing,* to Pros Se Attorney of Record, in accordance with the Federal Rules of Civil Procedure this 8th day of January, 2026.

CJ Grisham
3809 S. General Bruce Dr.
Suite 103-101
Temple, Texas 76504
cj@cjgrisham.com

        /s/ James McKibben