IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CJ GRISHAM<br>　　　Plaintiff,<br><br>v.<br><br>CITY OF ARANSAS PASS, et. al.<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 2:25-CV-00302 |

**PLAINTIFF'S UNOPPOSED JOINT MOTION TO STAY PROCEEDINGS**

Plaintiff fileS this Plaintiff's Unopposed Joint Motion to Stay Proceedings and would show: 1. Plaintiff's remaining claims are tied to pending criminal charges. The criminal case is still pending and scheduled for trial in May 2026.

　　　2. Plaintiff was tried on charges associated with this complaint in November 2025 that resulted in a 5-1 Not Guilty hung jury. The State has decided to retry the case despite such an overwhelming veridict in Plaintiff's favor. In the present case, Plaintiff's criminal charges remain pending, as he has not yet been re-tried in state court. "When it is premature to determine whether a plaintiff's civil damages claims may be barred under *Heck,* the Fifth Circuit has counseled that this Court 'may—*indeed, should*—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.' " *Quinn v. Guerrero,* No. 4:09–CV166, 2010 WL 412901, at *2 (E.D.Tex. Jan.28, 2010) (quoting *Mackey v. Dickson,* 47 F.3d 744, 746 (5th Cir.1995)) (emphasis added); *see also Busick v. City of Madison, Miss.,* 90 F. App'x 713, 713–14 (5th Cir.2004) (finding that plaintiff's civil claims should have been stayed pending the resolution of the criminal proceedings against him because it was impossible to determine whether the civil claims necessarily implicated the validity of any conviction or sentence that plaintiff had received or might receive).

　　　3. "The Supreme Court and the Fifth Circuit addressed whether the *Heck* rule applies to "an anticipated future conviction" in the context of a pending criminal trial. See *Wallace v. Kato,* 549

U.S. 384, 393 (2007); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Both courts agreed *Heck* did not bar a plaintiff's § 1983 claim if the plaintiff's conviction was not yet final, but found "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393-94; *Mackey,* 47 F.3d at 746 ("The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course ...."). A stay is warranted "if it is 'premature to determine whether or not [Plaintiff's] damages claims are barred under Heck,' or if it is clear that they would be barred under this standard ....' " *McCollom v. City of Kemp., Tex.,* No. 3:14-CV-1488-B, 2014 WL 6085289, at *3 (N.D. Tex. Nov. 14, 2014) (quoting *Mackey*, 47 F.3d at 746); see also *Busick v. City of Madison Miss.*, 90 Fed.Appx. 713, 713-14 (5th Cir. 2004) (where it is impossible to determine if plaintiff's civil § 1983 claims implicate the validity of a conviction that plaintiff might receive, the district court should stay the civil proceedings pending the resolution of plaintiff's criminal charges). Then, once "the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed ...." *Wallace*, 549 U.S. at 394." *Vensel v. Stroman, No. A-15-CA-1045-SS, 2016 WL 5390928, at *2 (W.D. Tex. Sept. 26, 2016).

    4. Therefore, the Plaintiff's claims against the Defendants should be stayed pending the outcome on the Plaintiff's criminal charges in State Court.

                                                     Respectfully submitted,

                                                     CJ Grisham  
                                                     State Bar No. 24124533  
                                                     Law Offices of CJ Grisham  
                                                     3809 S. General Bruce Dr.  
                                                     Suite 103-101  
                                                     Temple, TX 76502  
                                                     Ph: 254-405-1726  
                                                     Email: cj@cjgrisham.com

**Certificate of Conference**

I, the undersigned attorney, hereby certify to the Court that I have conferred with Defendants' counsel on January 8, 2026, and Defendants' counsel has indicated that he does not oppose this motion.

By: */s/ CJ Grisham*

**Certificate of Service**

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's CM/ECF system and/or Rule 5 of the Federal Rules of Civil Procedure, and additionally to Defendants via Certified Mail on the 9th day of November 2025.

By: */s/ CJ Grisham*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CJ GRISHAM  §<br>　　　Plaintiff,  §<br>　　　　　　　　　　　§<br>v.　　　　　　　　　　§<br>　　　　　　　　　　　§  CAUSE NO. 2:25-CV-00302<br>CITY OF ARANSAS PASS, et. al. §<br>　　　Defendants.  §<br>　　　　　　　　　　　§ | |

## ORDER GRANTING MOTION TO STAY

Before the Court is the Plaintiff's Unopposed Joint Motion to Stay Proceedings in this case.

The Court, having considered the Motion, hereby orders that the Motion to Stay is GRANTED, and all further proceedings in this case against the Defendants are HEREBY STAYED pending the resolution of Plaintiff's pending criminal cases.

Signed this ___ day of _____, 2026.

_____
**DAVID MORALES**
**UNITED STATES DISTRICT JUDGE**