UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GRISHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00302 |
| | § | |
| CITY OF ARANSAS PASS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's unopposed motion to stay. (D.E. 8). Plaintiff requests his

42 U.S.C. § 1983 claims against Defendants be stayed pending the outcome of his criminal charges

in state court. *Id.* at 2; (D.E. 1, p. 10–14).

In *Heck v. Humphrey*,[1] the United States Supreme Court recognized that a plaintiff who

has been convicted of a crime cannot recover damages for an alleged violation of his constitutional

rights if the alleged violation arose from the same facts attendant to the charge for which he was

convicted, unless the plaintiff proves "that his conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus."

512 U.S. at 486–87. Generally, unless a plaintiff can prove his conviction or sentence falls in the

above categories, his claims are barred and he cannot recover civil damages. *Bush v. Strain*, 513

F.3d 492, 497 (5th Cir. 2008) (citation omitted).

Nonetheless, Plaintiff has not yet been tried for his state criminal charges as they remain

pending. (D.E. 8, p. 2). "When it is premature to determine whether a plaintiff's civil damages

---

[1] 512 U.S. 477 (1994).

may be barred under *Heck*, the Fifth Circuit has counseled that this Court may-indeed should-stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (citation modified). Because Plaintiff's state criminal charges remain pending, the Court finds it is premature to determine whether Plaintiff's § 1983 claims are barred. As such, the Court **GRANTS** Plaintiff's motion, (D.E. 8), and **STAYS** these proceedings.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
January 14th, 2026